

```
                UNITED STATES DISTRICT COURT

                EASTERN DISTRICT OF CALIFORNIA


RAMONA ANDERSON,
                                          NO. CIV. S-03-145 LKK/JFM
        Plaintiff,

    v.                                        O R D E R

CONTINENTAL CASUALTY COMPANY;
RELIANCE INSURANCE COMPANY
BUSINESS TRAVEL ACCIDENT PLAN,

        Defendants.
_____/
```

Plaintiff brings suit under ERISA for benefits provided for by the Reliance Insurance Company Business Travel Accident Plan. The matter is before the court on defendant Continental Casualty Company's motion to dismiss for failure to state a claim. I decide the matter on the pleadings and papers on file therein and after a hearing.

////
////
////

# I.

## FACTUAL ALLEGATIONS

Plaintiff worked for Reliance Insurance Company and was covered by its Business Travel Accident Plan ("Plan"), which both parties concede is governed by ERISA. The Plan was established and maintained through the purchase of an insurance policy from defendant and movant in this case, Continental Casualty Company ("CCC"). On September 30, 1998, plaintiff allegedly suffered a fall resulting in severe injuries to her back and left ankle. On November 3, 2000, plaintiff claims that she stopped work due to a total disability resulting from her slip and fall. Finally, on October 16, 2001, plaintiff filed a claim for disability benefits.

CCC purportedly denied plaintiff's claim based on a policy provision that required the period of total disability to begin within 365 days after the date of the accident. Plaintiff's alleged total disability, with an alleged onset date of November 3, 2000, was more than a year too late according to the Plan.

# II.

## DISMISSAL STANDARDS UNDER FED. R. CIV. P. 12(b)(6)

On a motion to dismiss, the allegations of the complaint must be accepted as true. See Cruz v. Beto, 405 U.S. 319, 322 (1972). The court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. See Retail Clerks Intern. Ass'n, Local 1625, AFL-CIO v. Schermerhorn, 373 U.S. 746, 753 n.6

1  (1963). Thus, the plaintiff need not necessarily plead a
2  particular fact if that fact is a reasonable inference from
3  facts properly alleged. See id.; see also Wheeldin v. Wheeler,
4  373 U.S. 647, 648 (1963) (inferring fact from allegations of
5  complaint).
6      In general, the complaint is construed favorably to the
7  pleader. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). So
8  construed, the court may not dismiss the complaint for failure
9  to state a claim unless it appears beyond doubt that the
10 plaintiff can prove no set of facts in support of the claim
11 which would entitle him or her to relief. See Hishon v. King &
12 Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355
13 U.S. 41, 45-46 (1957)). In spite of the deference the court is
14 bound to pay to the plaintiff's allegations, however, it is not
15 proper for the court to assume that "the [plaintiff] can prove
16 facts which [he or she] has not alleged, or that the defendants
17 have violated the . . . laws in ways that have not been
18 alleged." Associated General Contractors of California, Inc. v.
19 California State Council of Carpenters, 459 U.S. 519, 526
20 (1983).

### III.

### ANALYSIS

23     Plaintiff alleges that her claim for benefits was wrongly
24 denied because defendant CCC did not apply California's process
25 of nature rule, which states:
26 ////

> [W]ithin the meaning of policy provisions requiring disability within a specified time after the accident, the onset of disability relates back to the time of the accident itself whenever the disability arises directly from the accident "within such time as the process of nature consumes in bringing the person affected to a state of total (disability)."[citation].

Willden v. Washington National Ins. Co., 18 Cal.3d 631, 635 (1976). Defendant CCC argues that the plaintiff has failed to state a claim upon which relief can be granted because ERISA preempts California's process of nature rule. Defendant also contends that, in any event, it did not abuse its discretion by declining to apply the process of nature rule.

**A. STANDARD OF REVIEW OF THE DENIAL OF BENEFITS**

As an initial matter, I note that it does not matter whether this court reviews defendant's denial of plaintiff's claim de novo or for abuse of discretion. Even under the more limited abuse of discretion standard, if the CCC legally erred by not applying the process of nature rule, such an error would constitute an abuse of discretion. See Bergt v. Retirement Plan for Pilots Employed by Mark Air, 293 F.3d 1139, 1146 (9th Cir. 2002)(citing Koon v. United States, 518 U.S. 81, 100 (1996))(an error of law is an abuse of discretion); see also Koon, 518 U.S. at 100 (an abuse-of-discretion standard does not mean a mistake of law is beyond correction by the reviewing court). Thus, I turn to the question of whether the process of nature rule is preempted by ERISA.

////

////

4

**B.   ERISA PREEMPTION**

ERISA contains a preemption provision that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan . . . ." 29 U.S.C. § 1144(a). The Supreme Court has explained that a state law is deemed to relate to employee benefit plans if it has "a connection with or reference to such a plan." Shaw v. Delta Airlines, 463 U.S. 85, 97 (1983) (citing Black's Law Dictionary 1158 (5th ed. 1979) ("Relate. To stand in some relation; to have bearing or concern; to pertain; refer; to bring into association with or connection with")). It is irrelevant whether the law is aimed at employee benefit plans, or whether it is a law of general applicability. See Shaw, 463 U.S. at 98. Rather, "relate to" should be read in a broad sense. See id.

Here, plaintiff does not argue that the process of nature rule does not relate to employee benefit plans under the meaning of § 1144(a). Further, given Ninth Circuit case law, it would be a difficult argument to make. In McClure v. Life Ins. Co. of North America, 84 F.3d 1129 (9th Cir. 1996), the Ninth Circuit considered the application of California's process of nature rule in an ERISA case. There, the Circuit apparently assumed that the rule was one which "related to" employee benefit plans, as it considered whether the rule was preempted or saved by the insurance saving clause. See id. at 1133. Thus, I also assume that the rule relates to employee benefit plans within the meaning of ERISA's preemption provision, and proceed to consider

5

1 whether it is excepted from preemption.

2 **C.  SAVING CLAUSE**

3    Despite the breadth of the preemption clause, it is
4 followed by a saving clause, which "then reclaims a substantial
5 amount of ground with its provision that 'nothing in this
6 subchapter shall be construed to exempt or relieve any person
7 from any law of any State which regulates insurance, banking, or
8 securities.'" Rush Prudential HMO, Inc. v. Moran, 122 S.Ct.
9 2151, 2159 (2002)(quoting 29 U.S.C. s 1144(b)(2)(A)).  State law
10 may provide the rule of decision in ERISA cases if it is covered
11 by the saving clause.  See UNUM Ins. Co. of America v. Ward, 526
12 U.S. 358,376-77 (1999).  Here, the plaintiff can state a claim
13 upon which relief can be granted if California's process of
14 nature rule falls within the saving clause.

15    Although, as already noted, the Ninth Circuit once
16 considered an ERISA case dealing with the process of nature
17 rule, the Circuit has never determined whether the rule was
18 covered by the saving clause or not.  Rather, in McClure, supra,
19 the court determined that the insured could have survived
20 summary judgment on another basis, affirming the district court
21 on reasons other than those relied on by the district court.
22 Thus, this court must look to the principles applied in saving
23 clause cases to determine whether the process of nature rule is
24 covered by the saving clause.

25    Discussing the reach of the saving clause in light of the
26 preemption clause, the Supreme Court once observed, "The

6

'unhelpful' drafting of these antiphonal clauses, [citation], occupies a substantial share of this Court's time . . . ." Rush, 122 S.Ct. at 2159. Indeed, saving clause law has developed a great deal over recent years. In the Ninth Circuit, the Court of Appeals developed a rule that a law is not one "which regulates insurance, banking, or securities" within the meaning of the savings clause if it is merely a "'law[] of insurance policy interpretation.'" McClure, 84 F.3d at 1133 (quoting Evans v. Safeco Life Ins. Co., 916 F.2d 1437, 1440 (9th Cir. 1990)). With time, however, it became increasingly clear that, whether a law was one of interpretation, as opposed to regulation, was not a straightforward inquiry. Certainly it was not straightforward where the process of nature rule was concerned, as the Ninth Circuit went out of its way to avoid that question in McClure, supra. Further, in determining whether a law regulated insurance, the Supreme Court's developing saving clause jurisprudence utilized factors which had no relation to the Ninth Circuit's interpretation/regulation distinction. Thus, while technically retaining the interpretation/regulation distinction, the Ninth Circuit has looked to the Supreme Court's factors to determine whether a law is a regulation of insurance, as opposed to a law of interpretation. See, e.g., Security Life Ins. Co. of America v. Meyling, 146 F.3d 1184, 1188-89 (9th Cir. 1998). Because the Ninth Circuit ultimately must look to the Supreme Court's factors, its interpretation/regulation distinction adds nothing

7

1  to the Supreme Court's saving clause jurisprudence, to which I
2  now turn.
3       The Supreme Court's test for whether a law is a regulation
4  of insurance under the saving clause has been most recently
5  clarified and revised in <u>Kentucky Ass'n of Health Plans, Inc. v.
6  Miller</u>, 2003 WL 1726508 (2003).  The test is twofold.  First,
7  the law must be "specifically directed toward the insurance
8  industry. . . ."  <u>Kentucky</u> at *6.  Second, it "must
9  substantially affect the risk pooling arrangement between the
10 insurer and the insured."  <u>Id.</u>  I discuss these factors with
11 respect to the process of nature rule as follows.
12      The first prong of the <u>Kentucky</u> test is one that the Court
13 established early in its saving clause jurisprudence.  <u>See</u> <u>id.</u>
14 at * 3.  The <u>Kentucky</u> Court emphasized that, in undertaking this
15 inquiry, "ERISA's savings clause does not require that a state
16 law regulate 'insurance <u>companies</u>' or even '<u>the business of
17 insurance</u>' to be saved from preemption; it need only be a 'law .
18 . . which regulates <u>insurance</u>.'"  <u>Id.</u> at *4 n.1 (citing 29 U.S.C.
19 § 1144(b)(2)(A) (emphasis in the original).
20      The Court discussed the requirement that the law be
21 specifically directed toward the insurance industry extensively
22 in <u>UNUM Life Ins. Co. of America  v. Ward</u>, 526 U.S. 358, 367-68
23 (1999).  There, the Court concluded that California's notice-
24 prejudice rule satisfied this requirement.  The Court observed
25 that the notice-prejudice rule, under which an insurer would
26 have to show it was prejudiced by an untimely proof of claim

8

before it could avoid liability on that basis, was not a general contract "principle a court may pliably employ when circumstances so warrant." Id. at 371. Rather, the court noted, it was an "insurance-specific" rule that, "as a matter of law, failure to abide by a contractual time condition does not work a forfeiture absent prejudice." Id.

Likewise, the process of nature rule at issue in this case is specifically directed toward the insurance industry. As the California Supreme Court explained, California's process of nature rule was first "created by judicial decision in other states in response to the efforts of insurers to enforce arbitrary limitations on coverage . . . ." Willden v. Washington National Ins. Co., 18 Cal.3d 631, 635 (1976). Thus, it cannot be said to merely be an extension of general contract interpretation principles. Moreover, so far as the court is aware, there are no California decisions in which the process of nature rule has been applied outside of the context of insurance policies. Rather, as one California Court of Appeal noted in its 1981 decision, the rule had "thus far been limited to disability policies in California." National Life & Accident Ins. Co. v. Edwards, 119 Cal.App.3d 326, 332 (1981). In National Life, the Court of Appeal did extend the process of nature rule, but only within the insurance context to apply to a life insurance policy. See id. In light of all this, it is clear that the process of nature rule is specifically directed toward the insurance industry.

1    The second prong of the Kentucky test is a departure from
2 previous case law.  Rather than borrowing from case law
3 interpreting the McCarran-Ferguson Act, as courts had done in
4 previous ERISA cases, the Kentucky court has now tailored the
5 test to ERISA.  It explained:

> While the Ninth Circuit concluded in Cisneros v. UNUM Life Ins. Co., 134 F.3d 939, 945-46 (1998), aff'd in part, rev'd and remanded in part, UNUM Life Ins. Co. of America v. Ward, 526 U.S. 358, 119 S.Ct. 1380, 143 L.Ed.2d 462 (1999), that "the notice-prejudice rule does not spread the policyholder's risk within the meaning of the first McCarran-Ferguson factor," our test requires only that the state law substantially *affect* the risk pooling arrangement between the insurer and the insured; it does not require that the state law actually spread risk.

12 See Kentucky at *5 n.3 (emphasis in the original).  The Court
13 went on to observe that the notice-prejudice rule that had been
14 at issue in UNUM, under which an insurer would have to show it
15 was prejudiced by an untimely proof of claim before it could
16 avoid liability on that basis, substantially affected the risk
17 pooling arrangement.  "[T]he notice-prejudice rule," explained
18 the Court, "governs whether or not an insurance company must
19 cover claims submitted late, which dictates to the insurance
20 company the conditions under which it must pay for the risk that
21 it has assumed."  Id.
22    The process of nature rule, like the notice-prejudice rule,
23 can also be said to "dictate[] to the insurance company
24 conditions under which it must pay for the risk that it has
25 assumed."  Id.  In effect, it imposes liability for a disability
26 on the insurer so long as the disability followed directly from

10

the accident within such time as the process of nature would take, despite policy provisions requiring disability within a specified time after the accident.  Like the notice-prejudice rule, the process of nature rule substantially affects the risk pooling arrangement between the insurer and the insured.

Because the process of nature rule is specifically directed toward the insurance industry and substantially affects the risk pooling arrangement, it is saved from preemption by the insurance saving clause and provides the rule of decision under ERISA.  Plaintiff's claim that the defendant should have applied this rule is one upon which relief can be granted.

### IV.

### CONCLUSION

Based on the foregoing, the defendant's motion to dismiss is DENIED.

IT IS SO ORDERED

DATED: April 10, 2003.

/s/ Lawrence K. Karlton
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

ndd

United States District Court
for the
Eastern District of California
April 14, 2003

* * CERTIFICATE OF SERVICE * *

2:03-cv-00145

Anderson

v.

Continental Casualty

---

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Eastern District of California.

That on April 14, 2003, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office, or, pursuant to prior authorization by counsel, via facsimile.

Douglas K DeVries
Mart and deVries
P O Box 1615
721 Ninth Street
Suite 300
Sacramento, CA  95814-1615

AR/LKK ( 2 )

Robert K Scott
Law Offices of Robert K Scott
2424 SE Bristol Avenue
Suite 250
Newport Beach, CA  92660

Margie R Lariviere
Kelly Herlihy and Klein
44 Montgomery Street
Suite 2500
San Francisco, CA  94104


Jack L. Wagner, Clerk

BY: _____